**Brent AVERY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 04–35552.

United States Court of Appeals, Ninth Circuit.

Submitted July 31, 2006.*

Filed Oct. 18, 2006.

Brent Avery, Sultan, WA, pro se.

Leisa Wolf, Esq., Thomas Elsberry, Brian C. Kipnis, Esq., Seattle, WA, for Defendant–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Brent W. Avery appeals the district court's judgment affirming the Commissioner of Social Security's decision that a state workers' compensation offset reduces his social security disability insurance

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(SSDI) benefits. Avery also appeals the district court's remand for further administrative proceedings to clarify, and correct if necessary, the proper amount of Avery's benefits. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Even if Avery had been an employee of the State of California, his workers' compensation disability benefits are still subject to offset. In California, the SSA has identified the state's subsequent injury fund benefits and industrial disability leave payments as the only categories of workers' compensation benefits for which the reverse offset provision applies. POMS § DI 52001.206(A) & (C). There is no reverse offset for California state employees receiving permanent partial disability payments and lump-sum awards.[3] Therefore, the Administrative Law Judge (ALJ) correctly determined that the workers' compensation offset applies to Avery's SSDI benefits.

Substantial evidence supports the ALJ's determination that the entire payment was a workers' compensation award. The state Workers' Compensation Appeals Board (WCAB) issued the order approving the Compromise and Release. The WCAB judge found that the settlement was adequate because it was based on the report of the physician who had originally served as the Agreed Medical Examiner between the parties. Finally, the addendum to the release states: "This settlement covers any and all disability whether known or unknown, which is the result of the injury herein."

The parties do not dispute that the workers' compensation offset calculation is unclear and possibly erroneous. Therefore, the district court did not abuse its discretion in ordering a remand for clarification and possible correction of the calculation.

This court lacks jurisdiction over the district court's orders denying and striking Avery's post-judgment motions because Avery failed to separately appeal the orders. *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir.1990).

AFFIRMED.

---

**3.** No reverse offset was applied by the State of California to Avery's state workers' compensation disability benefits.